# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KATHERINE B. HALL, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>GLAXOSMITHKLINE, LLC, )<br>)<br>Defendant. ) | Case No. 4:10CV965MLM |

## MEMORANDUM OPINION

Before the court is the Motion to Remand and Request for Expedited Consideration filed by Plaintiffs. Doc. 13. Defendant Glaxosmithkline, LLC, ("Defendant") filed a Response to Plaintiffs' Motion to Remand and Request for Expedited Consideration. Docs. 21. Also before the court is the Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation filed by Defendant. Doc. 10. Plaintiffs filed a Response to Defendant's Motion and Defendant filed a Reply. Docs. 16, 24. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 22.

## BACKGROUND

This products liability action was filed by Plaintiffs in the Circuit Court of the City of St. Louis, Missouri. Plaintiffs alleged that Avandia, a prescription medication manufactured by Defendant, caused negative and detrimental effects on their hearts and cardiovascular systems. Defendant is a Delaware limited liability company. Plaintiff Kathryn B. Hall is a citizen and resident of Delaware and Plaintiff Mabrey Herndon is a citizen and resident of Missouri. Defendant removed this matter to the District Court for the Eastern District of Missouri. In its Notice of Removal, Defendant asserted that Plaintiffs claims are unrelated and that, although they each alleged they were

injured by Defendant's product, Avandia, this medication was "prescribed at different times, by different doctors, in different states." Doc. 1 at 1. Defendant further asserted in the Notice of Removal that non-diverse Plaintiff Hall was fraudulently misjoined in an attempt to defeat federal jurisdiction; that complete diversity exists between Plaintiff Herndon and Defendant; and that Plaintiff Hall's claims should be severed. Doc. 1 at 2.

Plaintiff argues, in support of its Motion to Remand, that In re Prempro Products Liability Litigation, 591 F.3d 613 (8th Cir. 2010), involved "an indistinguishable factual and procedural situation from the matter under consideration"; that in In re Prempro, the Eighth Circuit found that "the plaintiffs' alleged misjoinder ... was not so egregious as to constitute fraudulent misjoinder"; that In re Prempro is controlling; and that, therefore, this matter should be remanded to State court. Doc. 14 at 3.

### LEGAL FRAMEWORK and DISCUSSION

28 U.S.C. § 1441 sets forth the grounds for removal from state court to federal court. Section 1441(a) provides, in pertinent part, that "any civil action brought in State court of which [federal district courts] have original jurisdiction, may be removed by the defendant" to federal district court. 28 U.S.C. § 1447(c) provides, in pertinent part, that: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions when a matter in controversy...is between (1) citizens of different states." "'Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" In re Prempro, 591 F.3d at 620 (quoting OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007)).

The party seeking the federal forum has the burden of pleading diversity of citizenship of the parties, Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990); Russell v. New Amsterdam Cas. Co., 325 F.2d 996, 997 (8th Cir. 1964). "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." Transit Cas. Co v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). Thus, Defendant, as the party invoking removal jurisdiction, has the burden of establishing federal jurisdiction.

"When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant." In re Prempro, 591 F.3d at 620 (quoting Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007)). As noted by the Eighth Circuit in In re Prempro, 591 F.3d at 620, the theory of fraudulent misjoinder was first adopted by the Eleventh Circuit in Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). The court in Tapscott held that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." 77 F.3d at 1360. See also Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir. 2002) ( "[M]isjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction.").

The court in In re Prempro considered that Rule 20(a)(1) of the Federal Rules of Civil Procedure "allows multiple plaintiffs to join in a single action if (i) they assert claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (ii) "any question of law or fact common to all plaintiffs will arise in the action." 591 F.3d at 622.

3

The court further held that "Transaction," as used in Rule 20(a)(1), should be broadly construed. Id. In this regard, the court held:

> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.
>
> Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

Id. at 622 (quoting Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)).

Significantly, in In re Prempro, as in the matter under consideration, multiple plaintiffs brought suit in State court against pharmaceutical manufacturers and the plaintiffs' claims arose from transactions between pharmaceutical manufacturers and individuals who used the drugs.[1] Id. at 623. In In re Prempro, as in the matter under consideration, the plaintiffs contended that they each developed a serious medical condition as a result of the manufacturers' negligence in defectively designing, testing, and warning as to the dangers associated with the drugs' use.

The court considered in In re Prempro that the plaintiffs' claims were "likely to contain common questions of law and fact." 591 F.3d at 623 (quoting Laura J. Hines & Steven S. Gensler, Driving Misjoinder: The Improper Party Problem in Removal Jurisdiction, 57 Ala. L.Rev. 779, 822 (2006) ("When plaintiffs join together to sue a defendant based on the purchase of a common product or having engaged in a common transaction, it seems rather clear that their claims will involve some common question of law or fact.")). Significantly, Plaintiffs in the matter under consideration allege that their claims "present common questions of fact and law concerning, inter

---

[1] In In re Prempro the plaintiffs sued multiple manufacturers, while in the matter under consideration Plaintiffs have sued only Defendant.

4

alia, what information [Defendant] possessed concerning the harmful effects of Avandia, what information it elected to disclose to physicians and patients about those harmful effects, and what information they were required by law to disclose about those effects." Compl., ¶ 11.

The court in In re Prempro concluded that it could not be said that the plaintiffs' claims had "'no real connection' to each other such as that they are egregiously misjoined." Id. at 623. The court further found that "there may [have] be[en] a palpable connection between the plaintiffs' claims against the manufacturers as they all relate[d] to similar drugs and injuries and the manufacturers' knowledge of the risks of [] drugs." Id. Noting that some courts have rejected the theory of fraudulent misjoinder, the Eighth Circuit did not adopt that theory in In re Prempro; rather, the court held that even if it adopted the theory of fraudulent misjoinder, "the plaintiffs' alleged misjoinder in [In re Prempro] [was] not so egregious as to constitute fraudulent misjoinder." 591 F.3d at 622.

To the extent that it can be said that the non-diverse Plaintiff in the matter under consideration was joined to defeat federal jurisdiction, the Eighth Circuit held in Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1997), that:

> [I]f the "nondiverse" plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction. Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924) [other citations omitted]. And such a party may be dropped from the case. First Nat'l Bank of Chicago v. Mottola, 302 F.Supp. 785 (N.D. Ill.1969), aff'd sub nom. First Nat'l Bank of Chicago v. Ettlinger, 465 F.2d 343 (7th Cir. 1972). However, *if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material*. 14 Wright, Miller & Cooper, Federal Practice & Procedure, s 3641 at 111 (1976). Cf. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931).

(emphasis added) See also Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000) ("Even if the Michiganders were added to prevent removal, that is their privilege; plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum.") (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)); Ballard v. Wyeth, 2004 WL

5

5436353, at *2 (E.D. Mo. Nov. 4, 2004) (unreported) (quoting Iowa Public Service, 556 F.2d at 404).

In Iowa Public Service the court concluded that the "real party in interest" requirement was met in that case because all of the plaintiffs were "beneficially interested" in the contract at issue and stood to suffer if the defendants were able to take the dispute to arbitration and obtain a price increase. Id. at 405. Indeed, a party is nominal, rather than a real party in interest, where it is "of no moment [to the party] whether the one or the other side in [a] controversy succeed[s]." Bacon v. Rives, 106 U.S. 99, 104 (1882). See also Garbie, 211 F.3d at 410 ("Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal.").

In the matter under consideration, both the diverse and the non-diverse Plaintiffs allege, among other things, that they were injured as result of their taking Avandia, which drug Plaintiffs allege was designed, tested, manufactured, promoted, sold, and distributed by Defendant; that their use of Avandia caused or significantly contributed to negative and detrimental effects to their hearts and cardiovascular systems; that, despite having a duty to do so, Defendant failed to adequately warn prescribing medical providers and the consuming public, including Plaintiffs, of the risks associated with Avandia, which were known, or should have been known; and that Defendant tried to conceal findings that Avandia could increase cardiovascular risks. In Counts I-XI of the Complaint, both the diverse and the non-diverse Plaintiff make identical allegations regarding Defendant's conduct.

The court finds that the claims of both the diverse and the non-diverse Plaintiff in the matter under consideration are likely to contain common questions of law and fact. Indeed, the Plaintiffs' claims against Defendant have a palpable connection to one another, as their claims are related to

6

the same drug, Avandia, to similar injuries, and to Defendant's knowledge of the risks related to Avandia. See In re Prempro, 591 F.3d at 620. The court further finds that there is a reasonable basis in fact and law to support the claim of non-diverse Plaintiff Hall against Defendant; that Plaintiff Hall is not a nominal party, but a real party in interest; that the claims which both Plaintiffs assert against Defendant arise from common questions of law and/or fact; that the claims which both Plaintiffs assert arise out of the same transactions or occurrences for purposes of Rule 20(a)(1); and that, therefore, joinder of Plaintiff Hall is not fraudulent misjoinder. See Bacon, 106 U.S. at 104; In re Prempro, 591 F.3d at 620; Tapscott, 77 F.3d at 1360; Iowa Pub. Serv., 556 F.2d at 404. Additionally, the court finds that it does not have diversity jurisdiction in that complete diversity does not exist because Plaintiff Hall is a citizen of the same state as Defendant. See In re Prempro, 591 F.3d at 620; Walker, 108 F.3d at 161. As such, the court finds that this matter should be remanded to State court.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion ro Remand filed by Plaintiff is **GRANTED**; Doc. 13

**IT IS FURTHER ORDERED** that the Motion for Expedited Consideration filed by Plaintiff is **DENIED**, as moot; Doc. 13

**IT IS FURTHER ORDERED** that the Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation filed by Defendant is **DENIED**, as moot. Doc. 10

**IT IS FURTHER ORDERED** that the Court shall take all necessary administrative steps to remand this case to the Circuit Court for the City of St. Louis, Missouri, from which it was removed.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER

UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of June, 2010.